UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Phillip Sims, ) | C/A No. 5:13-2291-DCN-KDW |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Warden Cartledge, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Phillip Sims ("Petitioner"), a state prisoner, filed this pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 21, 22. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 23. Petitioner filed a Response in opposition to Respondent's Motion on April 4, 2014. ECF No. 30. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment be granted.

I.      Factual Background

Petitioner is currently incarcerated in the Perry Correctional Institution of the South Carolina Department of Corrections ("SCDC"). ECF No. 1. In 2009, Petitioner was indicted by the Lancaster County Grand Jury for one count of carjacking, two counts of kidnapping, one count of possession of a firearm or knife during commission of a violent crime, and one count of

resisting arrest. App. 104-13.[1]  On February 27, 2009, Petitioner appeared before Judge Brooks P. Goldsmith and pleaded guilty to the indictments. App. 1-32.  Petitioner was represented by Attorney David C. Cook ("trial counsel"); the State was represented by Attorney Douglas A. Barfield, Jr. ("Solicitor"). App. 1.  Petitioner was sentenced to concurrent terms of one year imprisonment on the resisting arrest conviction, five years imprisonment on the weapon-possession conviction, twenty years imprisonment on the carjacking conviction, and twenty-seven years imprisonment on each kidnaping conviction. App. 31, 114-22.

II.     Procedural History

Petitioner filed a timely Notice of Appeal.  The direct appeal was dismissed by written order of the South Carolina Court of Appeals dated April 24, 2009. ECF No. 22-2.  The case was returned to the lower court by Remittitur dated May 26, 2009. ECF No. 22-3.  On June 11, 2009, Petitioner filed an Application for Post-Conviction Relief ("PCR") in the Court of Common Pleas for Lancaster County. App. 34-40.  In his Application, Petitioner argued three grounds of ineffective assistance of trial counsel. App. 36.  The State filed its Return on October 21, 2009. App. 41-45.  An evidentiary hearing was conducted on February 28, 2012 before the Honorable Alison Renee Lee in Lancaster, South Carolina. App. 46-96.  Petitioner was represented by M. Rita Metts, Esq., while the State was represented by Assistant Attorney General Suzanne White. App. 46.  Petitioner, Petitioner's former trial counsel, and the Solicitor testified at the hearing. App. 47, 49-80.  On April 2, 2012, the PCR court issued an order denying Petitioner relief and making the following findings of fact and conclusions of law:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

---

[1] Citations to "App." refer to the Appendix provided by Respondent, which contains copies of official state court documents and transcripts from Petitioner's criminal case and his PCR case. That appendix is available at ECF No. 22-1.

This Court has had the opportunity to review the record in its entirety and has heard the testimony and arguments presented at the PCR hearing. This Court has further had the opportunity to observe each witness who testified at the hearing, and to closely pass upon their credibility. This Court has weighed the testimony accordingly. Set forth below are the relevant findings of fact and conclusions of law as required by S.C. Code Ann. § 17-27-80 (2003).

The Applicant alleges he received ineffective assistance of counsel. In a PCR action, "[t]he burden of proof is on the applicant to prove his allegations by a preponderance of the evidence." Frasier v. State, 351 S.C. 385, 389, 570 S.E.2d 172, 174 (2002) (citing Rule 71.1(e), SCRCP). Where ineffective assistance of counsel is alleged as a ground for relief, the Applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L. Ed.2d 674, 692 (1984); Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985).

The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. Courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment Butler, Id. The Applicant must overcome this presumption to receive relief. Cherry v. State, 300 S.C. 115, 386 S.E.2d 624 (1989).

First, the Applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." Cherry, 300 S.C. at 117, 385 S.E.2d at 625, citing Strickland. Second, counsel's deficient performance must have prejudiced the Applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cherry, 300 S.C. at 117-18, 386 S.E.2d at 625.

The Applicant claimed that plea counsel was ineffective for failing to present mitigating facts as to the kidnaping charges at the plea. The Applicant testified that he wanted Counsel to introduce the witness statement of Randolph Gainey, which would have indicated that the Applicant stopped the van and called Mr. Gainey to the van to watch over the children when Applicant realized the children were in the van. However, Applicant testified that Counsel did not introduce that statement at his plea. This Court finds that this claim lacks merit. Counsel spoke at the plea of the fact that the Applicant maintained that he did not know that the children were in the van and that when he saw people he knew, he stopped the van so that he would not abandon the children. (Tr. p. 12-13). Additionally, the Applicant had the opportunity to speak at his plea and informed the court of his contacting Mr. Gainey and another gentleman to watch the children in the van

3

when he left after realizing what he had done. (Tr. p. 23-34). This Court finds that there was no deficient performance for Counsel's failure to introduce the actual witness statement of Mr. Gainey at the plea because the information was presented to the court and considered in conjunction with the victim's statement at the plea that he was aware that her children were in the car, even though the actual statement was not provided. This Court finds that the Applicant has failed to meet his burden of proof as to this claim, so it is denied and dismissed.

The Applicant also alleged that Counsel was ineffective for failing to call witnesses on his behalf. The only testimony or evidence provided in support of this allegation was Applicant's testimony that his family did not speak on his behalf at his guilty plea. Prejudice from trial counsel's failure to interview or call witnesses cannot be shown where the witnesses do not testify at post conviction relief. Underwood v. State, 309 S.C. 560, 425 S.E.2d 20 (1992); Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990), cert. denied, 499 U.S. 982 (1991). The Applicant's mere speculation as to what a witnesses' testimony would have been cannot, by itself, satisfy his burden of showing prejudice. Clark v. State, 315 S.C. 385, 434 S.E.2d 266 (1993); Glover v. State, 318 S.C. 496, 458 S.E.2d 538 (1995). An Applicant must produce the testimony of a favorable witness or otherwise offer the testimony in accordance with the rules of evidence at the PCR hearing in order to establish prejudice from the witness' failure to testify at trial. Bannister v. State, 333 S.C. 298, 509 S.E.2d 807 (1998). The Applicant failed to offer any evidence to testimony as to what they would have testified to had they spoken and none of the alleged witnesses that Counsel failed to produce at his plea testified at the PCR hearing. Therefore, this Court finds that the Applicant has failed to meet his burden of proof as to this claim and it is denied and dismissed.

The Applicant also alleged that Counsel misinformed him regarding his sentence, testifying at the hearing that Counsel told Applicant that he would not receive more than fifteen to twenty years. Applicant testified that he knew he was going to plead guilty, but believed that he would get no more than twenty years. Counsel testified that he never told the Applicant that he was going to receive a fifteen to twenty year sentence, but only told him that he would ask the court to consider sentencing Applicant to fifteen years. Counsel testified that he had not engaged in any plea negotiations with the Solicitor's office and he believes that it was probably because he did not want to go before Judge Goldsmith with a particular number, but rather wanted to present the mitigating information and research on rehabilitation facilities in an effort to obtain a lesser sentence. Although the Applicant testified he thought he was receiving between fifteen and twenty years, it is clear from the record that he was aware that he faced up to a total of eighty-six years and that the maximum he faced on each of the kidnapping charges was thirty years. (Tr. p. 16-17).

4

Counsel testified that as he was entering the courtroom for Applicant's plea, Solicitor Barfield approached him and asked, "what about a cap of twenty?" Counsel testified that he did not inform the Applicant of that conversation or file a motion for reconsideration when the Applicant was sentenced to twenty-seven years. Counsel testified that he felt very bad about it and had started a letter to the Applicant to encourage him to file a post-conviction relief application when he was contacted by the Attorney General's office informing him that one had been filed. Counsel acknowledged that he probably learned of the application around January 31, 2011, when he was first contacted in regards to testifying about the case, which was close to one year past the filing deadline for the Applicant to have filed his application. Counsel acknowledged that it would be atypical for the Solicitor to offer a plea as he was entering the courtroom when a defendant was willing to plead straight up.

On the other hand, Doug Barfield, the Solicitor for the Sixth Judicial Circuit, who also handled the Applicant's plea, testified that there was never a plea offer in this case. Barfield testified that his standard practice is to provide a plea offer with discovery and that both plea offer sheets for the Applicant's case are in the file with no date, which indicates that they were never extended or provided to Applicant or Counsel. Barfield testified that he has no recollection of any conversation with Counsel about a twenty year cap and it makes no sense that he would suddenly offer a cap of twenty years when the Applicant was willing to plead straight up with no recommendations.

In reviewing the testimony presented to this Court by the Applicant and both attorneys, and the record, in which the Solicitor introduces the case and informs the court that the Applicant is before the court pleading guilty to "a straight-up plea in all respects," (Tr. p. 3), this Court finds that as a matter of fact, there was no plea offer made by the Solicitor directly prior to the guilty plea hearing. This Court finds Mr. Barfield's testimony credible that he did not discuss any plea offers with Counsel prior to the date of the guilty plea and would not and does not recall making any last minute offer of a twenty year cap before walking in to what he understood to be a straight-up plea by the Applicant. Furthermore, had a plea offer been made prior to the plea hearing, after the Applicant receiving a sentence of twenty-seven years, this Court finds it likely that Counsel would have moved to withdraw the plea or made a motion for reconsideration based on the testimony of how strong his recollection of the offer was and how strong his feelings were.

However, even if this Court had determined that a plea offer had been made to Counsel, which was not conveyed to the Applicant for consideration, this Court finds that the Applicant still would not have met his burden of proving that he suffered prejudice as a result of Counsel's deficient performance. The South Carolina Supreme Court has held that their preferred method for determining whether, but for counsel's deficient performance a defendant would have accepted the State's proposed plea bargain and that he would have benefitted

5

from the offer is to look at those cases on a case-by-case approach. However, a defendant must show actual prejudice to prevail in these cases. Davie v. State, 381 S.C. 601, 613, 675 S.E.2d 416, 422 (2009). In Davie, the Court based their decision on four specific facts: 1) the fact that both plea counsel and the Solicitor testified that the State had originally offered a plea offer of fifteen years for the charges; 2) counsel's acknowledgment that he failed to communicate the plea offer to his client; 3) the Applicant's testimony that he would have definitely taken the offer had it been presented to him; and 4) the substantial difference in the amount of time received (twenty-seven years) and the fifteen year offer.

This case is clearly distinguishable from the factual scenario in Davie; in that the only similar fact is that plea counsel testified that he failed to communicate a plea offer. The Applicant never once presented to this Court testimony that he was even alleging that counsel was ineffective for failing to convey the plea offer and this Court has found that there was not a plea offer. Furthermore, even if a discussion had been held regarding a twenty year cap, there was no indication that it was anything less than a recommendation by the Solicitor, not a specific offer of a negotiated sentence that a judge would either have to accept or decline to accept. This Court finds that based on the Applicant's previous record (Tr. p. 6-7), the facts of the case (Tr. p. 7-12), and the victim and her husband's statements (Tr. p. 26-30), it is likely that the judge would still have given the Applicant a sentence which exceeded twenty years.

This Court also notes that the Applicant never alleged in any amended allegations or at the hearing that Counsel was ineffective for failing to convey the alleged plea offer or that had he known of the alleged twenty year cap, that he would have agreed to that. In a PCR action, "[t]he burden of proof is on the Applicant to prove his allegations by a preponderance of the evidence." Frasier v. State, 351 S.C. 385, 389, 570 S.E.2d 172, 174 (2002) (citing Rule 71.1(e), SCRCP). The Applicant has never raised the failure to communicate a plea offer as an actual allegation. This Court cannot find that Counsel was ineffective for failing to convey a plea offer when the allegation was never made in the first place, the facts do not support a plea offer being made, and even if a plea offer was made, the Applicant would have failed to demonstrate prejudice. Therefore, in addition to making the factual finding that a plea offer was never made in this matter prior to the hearing, this Court finds that the Applicant failed to plead this allegation and present sufficient testimony or evidence to prove prejudice. This claim is denied and dismissed.

## **CONCLUSION**

This Court finds counsel adequately conferred with the Applicant, conducted a proper investigation, was thoroughly competent in their representation, and that counsel's conduct does not fall below the objective standard of reasonableness.

> Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test - that counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that counsel committed either errors or omissions in his representation of the Applicant.
>
> This Court also finds the Applicant has failed to prove the second prong of Strickland-that he was prejudiced by counsel's performance. This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. See Frasier *supra*. Therefore, this allegation is denied.
>
> Based on all the foregoing, this Court finds and concludes that the Applicant has not established any constitutional violations or deprivations that would require this court to grant his application. Therefore, this application for post conviction relief must be denied and dismissed with prejudice.

App. 98-103.

Petitioner's appellate counsel, Lanelle C. Durant of the South Carolina Office of Appellate Defense, filed a timely *Johnson* Petition[2] for Writ of Certiorari to the South Carolina Supreme Court, seeking review of the PCR final judgment. ECF No. 22-4 at 1-8. The *Johnson* Petition raised the following issue for review:

> Did the PCR court err in failing to find plea counsel ineffective for not insuring that petitioner's guilty plea was entered freely, voluntarily, and knowingly because plea counsel failed to convey a plea offer of a cap of twenty years to petitioner?

*Id*. at 3.  In connection with the *Johnson* Petition, Petitioner's appellate counsel certified to the Supreme Court that the appeal was without merit and asked to be relieved as appellate counsel. *Id*. at 9.  On July 11, 2013, following its consideration of the petition, the South Carolina

---

[2] *See Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988).

Supreme Court denied the petition and granted counsel's request to withdraw. ECF No. 22-5. This federal habeas Petition was filed on August 19, 2013.[3]

III.  Discussion

    A.  Federal Habeas Issues

Petitioner raises the following issues in his federal Petition for a Writ of Habeas Corpus, quoted verbatim:

> GROUND ONE:  6th Amendment ineffective assistance of counsel.
>
> (a) Supporting facts . . . :
>     (A) 'counsel misinformed applicant as to his sentence'
>     (b) 'counsel failed to call witnesses on his behalf' and
>     (c) 'counsel failed to present mitigating fact as to the circumstance as to the kidnapping charge.'

Pet. 5, ECF No. 1.

    B.  Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or

---

[3] *See Houston v. Lack*, 487 U.S. 266, 271 (1988)(pro se prisoner's pleading is deemed filed at moment of delivery to prison authorities for forwarding to district court). *See* ECF No. 1-2.

other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248.

        C.        Habeas Corpus Standard of Review

Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. Moreover, state court factual

9

determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id*. The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below. Here, it is undisputed that Petitioner met exhaustion requirements. Mot. Summ. J. 14, ECF No. 22.

D. Merits Analysis

A federal court may issue a writ of habeas corpus on claims adjudicated on their merits in state court only if that adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d); *Cummings v. Polk*, 475 F.3d 230, 237 (4th Cir. 2007) (internal quotation marks omitted). A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by th[e] [Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at" an opposite result. *Lewis v. Wheeler*, 609 F.3d

291, 300 (4th Cir. 2010)(quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)).  Stated differently, to obtain federal habeas relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011). "[S]o long as 'fairminded jurists could disagree on the correctness of [a] state court's decision,'" a state court's adjudication that a habeas claim fails on its merits cannot be overturned by a federal court. *Harrington*, 131 S. Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 786 (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 (1970).  In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the United States Supreme Court held that to establish ineffective assistance of counsel, a petitioner must show deficient performance and resulting prejudice.  Counsel renders ineffective assistance when his performance "[falls] below an objective standard of reasonableness," but there is a "strong presumption" that counsel's performance was professionally reasonable. *Id*. at 688-89. Prejudice requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 669.  In the context of a guilty plea, ineffective assistance of counsel claims may be asserted in limited circumstances.  In order to prevail on a claim of ineffective assistance of counsel pertaining to a

guilty plea, a petitioner must show that his lawyer's performance was incompetent and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

### 1. Ground One: (A)[(1), (2)]: Ineffective Assistance of Counsel - trial counsel's provision of incorrect information about possible sentence[4]

There is no legal or factual argument contained in the Petition in this case. The "ground" quoted above is all that Petitioner writes in his Petition about this claim. Pet. 5, ECF No. 1. This point is written in broad terms, but, liberally construed, it covers two separate arguments that were raised in the PCR case about the nature of advice or lack thereof that Petitioner received from trial counsel before entering his guilty plea: (1) that trial counsel told him that he would receive a sentence between fifteen and twenty years ("Ground One (A)(1)"),[5] and (2) that trial counsel failed to inform him of a plea offer of a sentence that would be capped at twenty years ("oral plea offer" or "Ground One (A)(2)" ).

Respondent moves for Summary Judgment on the entire Petition and contends that the PCR judge's decision on each of the ineffective assistance of trial counsel points raised in the Petition was reasonable and proper. Mot. Summ. J., ECF No. 22. With respect to the oral plea offer issue specifically, Respondent points out that the issue was not raised by Petitioner in his direct appeal or PCR Application, but was instead raised by Petitioner's trial counsel after the PCR Application was submitted and at the PCR hearing. *Id.* at 22, ECF No. 22; *see* App. 54-55, 62, 70. Respondent also relies on the PCR testimony from the Solicitor in Petitioner's criminal

---

[4]Although the PCR judge addressed both sub-points, Petitioner only responds to Respondent's Motion for Summary Judgment insofar as it addresses the second sub-point involving the oral plea offer.

[5] Addressed below.

case, wherein he stated that he had no memory of extending the alleged oral plea offer, that his file from the case did not contain any indication of a plea offer, and that it would be illogical for him to make such an offer in such a serious case where the defendant had already decided on a straight-up plea. App. 73-76.  Respondent also points to the Solicitor's testimony about why it would be illogical to offer to cap a sentence for such a serious group of crimes committed by a person like Petitioner with a considerable criminal record. Mot. Summ. J. 23, ECF 22; App. 74-75, 78.  Finally, Respondent contends that summary judgment is required on this point because, even if the PCR judge properly considered the claim despite it having only been raised by one of the witnesses at the hearing, Petitioner failed to carry his burden of proof on this point because he did not provide adequate proof that the oral plea offer was even made, or that he suffered prejudice, given the fact that any such offer would be only a recommendation to, and not binding on, the sentencing judge. Mot. Summ. J. 10, 23-24, ECF No. 22.

In his brief Response to the Motion for Summary Judgment, Petitioner does not directly challenge any of the PCR judge's rulings or allege that they were unreasonable. Resp., ECF No. 30.  Rather, he provides a statement of procedural background, a general synopsis of summary judgment law, and only a discussion of the PCR testimony given by his trial counsel that Petitioner contends supports his allegation of ineffective assistance of trial counsel regarding the alleged failure to convey the alleged oral plea offer. *Id*. at 2-6; App. 62-65.  Petitioner concludes that the testimony presented at the PCR hearing about the alleged oral plea offer required a finding that his counsel was ineffective. *Id*. at 5-6.

In support of his position on this point, Petitioner cites to his trial counsel's PCR testimony wherein he stated that he was "100 percent positive" that the prosecutor made the oral

plea offer, but because "it happened so quickly" that he failed to tell Petitioner about it. *Id*. at 5; App. 64-65. He does not refer to or otherwise discuss the Solicitor's testimony, but states that had trial counsel told him about the oral plea offer, he would have "insisted" on having the alleged twenty-year cap offer "in place" before entering his plea. Resp. 5, ECF No. 30.

     Insofar as the oral plea offer issue is concerned, the record discloses that the PCR judge found as a "matter of fact" that the oral plea offer was never made. App. 101. In making that finding, the PCR judge credited the Solicitor's testimony regarding the routine practice of his office regarding making formal offers to defense counsel in selected cases during discovery, his lack of recollection of making any such offer in Petitioner's case, and his testimony about the illogical situation that would be presented had he made such an offer to cap a sentence when the defendant already agreed to plead "straight up." *Id*. The PCR judge also refused to credit Petitioner's trial counsel's testimony about the alleged oral plea offer because the judge believed that trial counsel would have moved to withdraw or reconsider the plea after Petitioner was sentenced to seven more years than he would have received under the alleged oral plea offer. *Id*. The judge also ruled that, even if there were sufficient proof that the oral plea offer was made but not transmitted to Petitioner, post-conviction relief would not be granted on the issue because Petitioner did not carry his burden of showing prejudice from any failure to convey such an offer. App. 102. The judge first pointed out that Petitioner never raised this issue himself, nor did he present any personal testimony or other factual evidence about it. *Id*. Additionally, he opined that any such oral offer, had there been one, would not have bound the sentencing judge and would have, instead, been only a recommendation, which the sentencing judge would have probably rejected in light of the seriousness of the crimes involved and Petitioner's prior

14

criminal record. Thus, he ruled that Petitioner could not show any prejudice from any lack of knowledge of the alleged oral plea offer. *Id*.

The applicable law in this area holds that a PCR court's credibility findings are entitled to deference by this court. *Wilson v. Ozmint*, 352 F.3d 847, 858-859 (4th Cir. 2003). "[F]ederal habeas courts [have] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983); *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008). Following review of the arguments before the court and of the transcripts and other documents in the record, the undersigned finds that the PCR judge's decision on this point was a credibility determination of the trial counsel's testimony versus that of the Solicitor. Such testimony provides ample support for the PCR court's rejection of this ground for relief that was actually raised during the PCR hearing by Petitioner's trial counsel and not Petitioner himself in his PCR application or hearing testimony.

Review of the record in this case confirms that Petitioner has not shown that the PCR court's denial of post-conviction relief on the oral plea offer point was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S. Ct. at 786-87. As such, Petitioner has not shown that the PCR court's findings and conclusions were contrary to, or an unreasonable application of, the *Strickland* standard. Accordingly, the undersigned recommends that Ground One (A)(2) of the Petition be dismissed.

> **2. Ground One (A)(1): Ineffective Assistance of Counsel - trial counsel's provision of incorrect information about possible sentence (claim regarding a fifteen to twenty-year sentence); (b): Ineffective Assistance of Counsel - trial counsel's failure to call witnesses on Petitioner's behalf; and (c): Ineffective Assistance of Counsel - trial counsel's failure to present mitigating facts regarding the kidnapping charge**

Because Petitioner only submitted argument regarding Ground One (A)(2)(the allegedly un-conveyed oral plea offer) in his Response to Respondent's Motion for Summary Judgment, it appears that Petitioner does not dispute the validity of the PCR judge's rulings on the other issues originally raised in the Petition and has waived his right to contest the Motion for Summary Judgment insofar as the remaining three points raised in the Petition are concerned. Nevertheless, the undersigned has reviewed the PCR final judgment, the transcripts in the record insofar as they apply to the issues originally raised in the Petition and recited above, and Respondent's arguments in support of his Motion for Summary Judgment on those points. *See* Mot. Summ. J. 20-28, ECF No. 22; App. 3-104.  Following review, the undersigned finds that each of the findings of fact and conclusions of law contained in the PCR judgment is reasonable and supported by the record that was before the PCR judge when the application was dismissed.

None of the PCR judge's rulings on Petitioner's other ineffective assistance of trial counsel points concerning trial counsel's failure to present certain evidence at the plea hearing or about his alleged provision of misinformation about the length of the sentence that Petitioner faced is contrary to clearly established federal law, nor do they show any unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  The PCR court's rejection of all of Petitioner's ineffective assistance of trial counsel issues did not result in an unreasonable application of *Hill* and *Strickland* and was not based upon an unreasonable determination of facts in light of the state court record, nor is it contrary to clearly established federal law as determined by the Supreme Court of the United States or an unreasonable application of such law. *See* 28 U.S.C. § 2254(d)(1), (2); *see Williams v. Taylor*,

529 U.S. at 386. Respondent's Motion for Summary Judgment should be granted on these grounds as well.

IV.     Conclusion

The undersigned has considered Petitioner's grounds for habeas corpus relief and recommends that the Petition be dismissed. Accordingly, for the foregoing reasons, it is recommended that Respondent's Motion for Summary Judgment, ECF No. 22, be GRANTED and that the Habeas Petition, ECF No. 1, be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

May 7, 2014                                                                                       Kaymani D. West
Florence, South Carolina                                                             United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).